UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CITY OF OLYMPIA, a municipality,

    Plaintiff,

v.

CYRENE, LLC, a Washington Limited Liability Company; et al.,

    Defendants.

CASE NO. C11-6037BHS

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS AND REMAND

This matter comes before the Court on the City of Olympia's ("City") motion to dismiss and remand (Dkt. 9). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 21, 2011, the City filed a complaint in Thurston County Superior Court for the State of Washington against Cyrene, LLC ("Cyrene"), Developers Surety and Indemnity Company ("Developers"), and Bond Nos. 335196S, 335197S, 335198S, and 335195S ("Bonds"). Dkt. 7, Exh. D ("Complaint"). The City alleges that Cyrene is in default of its obligations under the Bonds and that Developers has acted in bad faith. *Id*. On December 20, 2011, Developers removed the matter to this Court. Dkt. 1.

On January 27, 2012, the City filed a motion to dismiss and remand to state court. Dkt. 9. On February 17, 2012, Developers responded. Dkt. 10. On February 24, 2012, the City replied. Dkt. 14.

ORDER - 1

## II. DISCUSSION

A district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent. *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). Joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

In this case, Developers removed the action on the basis that the Court should disregard the non-diverse party Cyrene. Specifically, Developers contends that

> The citizenship of Defendant Cyrene should be disregarded for the purposes of determining jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b) on the ground that Defendant Cyrene is an inactive, defunct limited liability company whose joinder in this lawsuit is purely nominal and dispensable. Defendant Cyrene's relation to the suit is merely incidental as it was the principal on the bonds issued by Defendant Developers. Now that Cyrene is a defunct, non-existent entity, its participation in the present litigation is wholly unnecessary to a proper and complete determination of Plaintiff's claim against the bonds: Plaintiff need only secure a judgment against Developers (the only solvent party) in order to obtain the full relief requested in its complaint.

Dkt. 1, ¶ 6. The City argues that Developers has failed to meet its burden in showing that Cyrene was fraudulently joined. Dkt. 9 at 2-5. Even though Cyrene has been administratively dissolved, it may still sue and be sued under Washington law. RCW 25.15.303. The Court finds that Developers has failed to meet its heavy burden of persuasion that the City has failed to state a cause of action against Cyrene that is obvious according to the laws of Washington. Therefore, the Court grants the City's motion and the matter shall be remanded.

ORDER - 2

1  "An order remanding the case may require payment of just costs and any actual
2  expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §
3  1447(c). The Court declines to award costs and actual expenses as a result of removal,
4  and, therefore, denies the City's motion on this issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that the City's motion to dismiss and remand (Dkt. 9) is **GRANTED in part** and **DENIED in part**, and this matter shall be remanded to Thurston County Superior Court for the State of Washington.

DATED this 20th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge